313 A.2d 134.

STATE *vs.* ANTHONY BONSANTE, SR.

DECEMBER 19, 1973.

PRESENT: Paolino, Joslin, Kelleher and Doris, JJ.

KELLEHER, J. This appeal was instituted by the state. The single issue to be determined by us is whether the state may reindict an accused once there has been a final determination that he has been denied his constitutional right to a speedy trial. The answer is no.

On July 1, 1969, Bonsante appeared in the Superior Court and pleaded not guilty to an indictment that charged him with the murder of Thomas C. Rose. Later, on May 25, 1971, a justice of that court in granting Bonsante's motion to dismiss the indictment remarked:

> "I am satisfied on this record that the defendant has been denied a speedy trial within the meaning of the United States Constitution and the Rhode Island Constitution."

Shortly thereafter, the Attorney General foregoing any appeal to this court presented the Rose murder to another grand jury and a second indictment was returned charging Bonsante with that crime. Bonsante filed a motion to dismiss the second indictment. Another justice of the Superior Court heard and granted Bonsante's motion. The state has appealed.

The Supreme Court has ruled that a dismissal of an indictment is a drastic but appropriate remedy in instances where there has been a denial of one's right to a speedy trial. *Strunk* v. *United States*, 412 U. S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973). The state maintains that the first dismissal constitutes no bar to the prosecution's recharging the accused for the same crime that was embraced by the first indictment. However, we believe that the whole thrust and spirit of *Strunk* is that in matters of speedy trial the prosecution has but one bite at the apple.

In its standards relating to speedy trial, the American Bar Association Project on Minimum Standards for Criminal Justice (Approved Draft, 1968) Part IV, *Consequences of Denial of Speedy Trial*, ¶4.1 states that the only effective remedy for a denial of a speedy trial is absolute and complete discharge. The guarantee of a speedy trial would be a nullity if following an undue delay in going to trial the prosecution is free to resume prosecution again for the same offense.

Apart from *Strunk,* we believe that now at a time when we have recognized the doctrine of estoppel against public agencies so as to avoid injustice or fraud (*see Ferrelli* v. *Employment Sec. Dept.,* 106 R. I. 588, 261 A.2d 906 [1970]), we should hold that the state's failure to award Bonsante a speedy trial acts as a bar of estoppel to any further prosecution for the same or another closely related offense. Any other view would open the way for a complete abrogation of the pertinent parts of the sixth amendment. The prosecution, if the state's view were to prevail, would never need oppose a speedy trial dismissal because it could simply take the necessary steps to obtain a second indictment.

The state's appeal is denied and dismissed.

Mr. Chief Justice Roberts did not participate.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, for plaintiff.

*Toro Law Associates, Eugene F. Toro,* for defendant.